1

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)

2

1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596

3

Telephone: (925) 300-4455
Facsimile:  (925) 407-2700

4

E-Mail: ltfisher@bursor.com

5

**SALPETER GITKIN, LLP**
James P. Gitkin (*pro hac vice* pending)

6

One East Broward Boulevard, Suite 1500
Ft. Lauderdale, FL 33301

7

Telephone: (954) 467-8622
Facsimile: (954) 467-8623

8

E-Mail: jim@salpetergitkin.com

9

Attorneys for Plaintiff

10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA

12

SAN JOSE DIVISION

13

14

LUIS DIEGO ZAPATA FONSECA,
individually and on behalf of all others similarly

15

situated,

16

Plaintiff,

17

v.

18

GOYA FOODS INC.,

19

Defendant.

Case No.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1

2      Plaintiff Luis Diego Zapata Fonseca ("Plaintiff") brings this action on behalf of himself and

3   all others similarly situated against Defendant Goya Foods, Inc. ("Goya" or "Defendant").  Plaintiff

4   makes the following allegations pursuant to the investigation of his counsel and based upon

5   information and belief, except as to the allegations specifically pertaining to himself, which are

6   based on personal knowledge.

**NATURE OF ACTION**

7      1.      This is a class action lawsuit on behalf of purchasers of Goya octopus products (the

8   "Octopus Products") that Goya has labeled and sold as octopus when in reality the products

9   contained jumbo squid, which is significantly cheaper and of a lower quality than octopus.

10      2.      Independent DNA testing determined that Goya's Octopus Products are actually

11   jumbo squid and not octopus.  Octopus and jumbo squid are both cephalopods, but are otherwise

12   completely different species.



**Jumbo Squid**



**Octopus**

3.      The scientific classification for jumbo squid is as follows:

| Kingdom | Animalia |
| --- | --- |
| Phylum | Mollusca |
| Class | Cephalopoda |
| Order | Teuthida |
| Family | Ommastrephidae |
| Genus | Dosidicus |
| Species | Dosidicus gigas |

4.      The scientific classification Octopus is as follows:

| Kingdom | Animalia |
| --- | --- |
| Phylum | Mollusca |

| Class | Cephalopoda |
|-------|-------------|
| Order | Octopoda |
| Family | Octopodidae |
| Genus | Octopus |
| Species | Octopus vulgaris |

5.      In recent years, the cost of octopus has increased rapidly as octopus populations have dwindled around the world due to over-fishing.  In 2005, the European Union imposed new restrictions on octopus fishing because the octopus might be at risk of "dying out … if controls are not enforced to stop overfishing."  In 2010, the Food and Agriculture Organization of the United Nations reported that octopus populations "remain overexploited."  In 2014, the Monterey Bay Aquarium issued a report on the state of octopus stocks around the world.  The report concluded that "octopus stocks are in poor shape."  In July, 2014, SeafoodSource.com reported that octopus supplies had fallen by 45 percent in approximately one year, causing a dramatic increase in the price of octopus.

6.      At the same time that octopus populations have been declining, jumbo squid populations have been thriving.  In 2010, Scientific American magazine reported that "[a]lthough many of the Pacific Ocean's big species are floundering, one large creature of the deep seems to be flourishing.  The Humboldt squid (Dosidicus gigas, also known as jumbo squid, owing to its sizable nature) has been steadily expanding its population and range."  On May 11, 2013, Stanford biologist William Gilly gave a TED talk in which he explained that the jumbo squid is thriving due to its ability to adapt to changing ocean conditions caused by global warming.

7.      As a result of these developments, the cost of octopus has risen dramatically compared to the cost of squid.  In addition, due to similarities in texture, squid can easily be substituted for octopus without the consumer being able to tell the difference particularly when sold in a sauce like garlic sauce or marinara sauce.

8.      Goya sells four different Octopus Products at issue in this case: (1) Octopus in Garlic; (2) Octopus in Olive Oil; (3) Octopus in Pickled Sauce (Marinara); and (4) Octopus in Hot

CLASS ACTION COMPLAINT

3

1
2
3
4

Sauce.  The word "Octopus" is prominently displayed on the label of each box in a large font as shown below.  Nowhere on the box does it state that the Octopus Products contain squid instead of octopus.







9.      Plaintiff is informed and believes that Goya has intentionally replaced the octopus in its Octopus Products with squid as a cheap substitute to save money because it knew an ordinary consumer would have trouble distinguishing the difference.

10.      Plaintiff asserts claims on behalf of himself and a nationwide class of purchasers of Goya octopus products for breach of express warranty, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, unjust enrichment, violation of California's Consumers Legal Remedies Act ("CLRA"), violation of

California's Unfair Competition Law ("UCL"), violation of California's False Advertising Law ("FAL"), negligent misrepresentation, and fraud.

## PARTIES

11.     Plaintiff Luis Diego Zapata Fonseca is a citizen of California who resides in Salinas, California.   While living in California and during the class period, Plaintiff purchased Goya Octopus Products from Amazon.com.  Plaintiff purchased the Goya Octopus Products in reliance on the representation that they contained octopus, and he would not have purchased the Goya Octopus Products on the same terms if he had known that they contained squid instead of octopus.

12.     Defendant Goya Foods, Inc. is a Delaware corporation with its principal place of business in Jersey City, New Jersey.  Goya is a food manufacturer and distributor.  Goya focuses primarily on serving Hispanic communities.  Goya products are sold in stores across the United States including Target, K-Mart, Wal-Mart, CVS, and Wegmans.  Goya products are also sold extensively online at Amazon.com.

13.     Whenever reference is made in this Complaint to any representation, act, omission, or transaction of Goya, that allegation shall mean that Goya did the act, omission, or transaction through its officers, directors, employees, agents, and/or representatives while they were acting within the actual or ostensible scope of their authority.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and most members of the proposed class are citizens of states different from Goya.  This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

15.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.  Plaintiff is a citizen of California and resides in this District, and purchased Goya octopus

CLASS ACTION COMPLAINT

5

1    products in this District.  Moreover, Goya distributed and sold the Octopus Products, which is the

2    subject of the present complaint, in this District.

3                          **CLASS REPRESENTATION ALLEGATIONS**

4         16.    Plaintiff seeks to represent a class defined as all persons in the United States who

5    purchased the Octopus Products (the "Class").  Excluded from the Class are persons who made

6    such purchase for purpose of resale.

7         17.    Plaintiff also seeks to represent a subclass of all Class members who purchased the

8    Octopus Products in California (the "Subclass").

9         18.    Members of the Class and Subclass are so numerous that their individual joinder

10   herein is impracticable.  On information and belief, members of the Class and Subclass number in

11   the millions.  The precise number of Class members and their identities are unknown to Plaintiff at

12   this time but may be determined through discovery.  Class members may be notified of the

13   pendency of this action by mail and/or publication through Goya's distribution records and third

14   party retailers and vendors.

15        19.    Common questions of law and fact exist as to all Class members and predominate

16   over questions affecting only individual Class members.  Common legal and factual questions

17   include, but are not limited to: whether Goya's Octopus Products are squid rather than octopus;

18   whether Goya warranted that its Octopus Products were octopus when in fact they were squid; and

19   whether Goya committed statutory and common law fraud by doing so.

20        20.    The claims of the named Plaintiff are typical of the claims of the Class in that the

21   named Plaintiff purchased Goya Octopus Products in reliance on the representations and warranties

22   described above and suffered a loss as a result of that purchase.

23        21.    Plaintiff is an adequate representative of the Class and Subclass because his interests

24   do not conflict with the interests of the Class members he seeks to represent, he has retained

25   competent counsel experienced in prosecuting class actions, and he intends to prosecute this action

26   vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and

27   his counsel.

28

CLASS ACTION COMPLAINT                                                                        6

22.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class and Subclass members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Goya's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Goya's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I

### Breach of Express Warranty

23.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

24.     Plaintiff brings this claim individually and on behalf of the proposed Class against Goya.

25.     Goya, as the designer, manufacturer, marketer, distributor, and/or seller, expressly warranted that its Octopus Products contained octopus.

26.     In fact, the Octopus Products contain squid instead of octopus and Goya's express warranties that the Octopus Products contained octopus are therefore false.

27.     As a direct and proximate cause of Goya's breach of express warranty, Plaintiff and Class members have been injured and harmed because:  (a) they would not have purchased the Octopus Products on the same terms if they had known the true facts that the Octopus Products contained squid instead of octopus; (b) they paid a price premium for the Octopus Products due to Goya's  promises that it contained octopus; and (c) Goya's Octopus Products did not have the characteristics, ingredients, uses or benefits, as promised.

1

2

## COUNT II

### Breach of the Implied Warranty of Merchantability

3      28.      Plaintiff hereby incorporates by reference the allegations contained in all preceding

4   paragraphs of this complaint.

5      29.      Plaintiff brings this claim individually and on behalf of the proposed Class against

6   Goya.

7      30.      Goya, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly

8   warranted that the Octopus Products contained octopus.

9      31.      Goya breached the warranty implied in the contract for the sale of its Octopus

10   Products because it could not pass without objection in the trade under the contract description, the

11   goods were not of fair average quality within the description, and the goods were unfit for their

12   intended and ordinary purpose because the Octopus Products contained squid instead of octopus.

13   As a result, Plaintiff and Class members did not receive the goods as impliedly warranted by Goya

14   to be merchantable.

15      32.      Plaintiff and Class members purchased the Octopus Products in reliance upon

16   Goya's skill and judgment and the implied warranties of fitness for the purpose.

17      33.      The Octopus Products were not altered by Plaintiff or Class members.

18      34.      The Octopus Products were defective when it left the exclusive control of Goya.

19      35.      Goya knew that the Octopus Products would be purchased and used without

20   additional testing by Plaintiff and Class members.

21      36.      The Octopus Products were defectively designed and unfit for their intended

22   purpose, and Plaintiff and Class members did not receive the goods as warranted.

23      37.      As a direct and proximate cause of Goya's breach of the implied warranty, Plaintiff

24   and Class members have been injured and harmed because:  (a) they would not have purchased the

25   Octopus Products on the same terms if they had known the true facts that the Octopus Products

26   contained squid instead of octopus; (b) they paid a price premium for the Octopus Products due to

27

28

CLASS ACTION COMPLAINT

8

1   Goya's promises that it contained octopus; and (c) Goya's Octopus Products did not have the

2   characteristics, ingredients, uses or benefits, as promised.

3                                    **COUNT III**

4          **Breach of the Implied Warranty of Fitness for a Particular Purpose**

5          38.     Plaintiff hereby incorporates by reference the allegations contained in all preceding

6   paragraphs of this complaint.

7          39.     Plaintiff brings this claim individually and on behalf of the proposed Class against

8   Goya.

9          40.     Goya marketed, distributed, and/or sold the Octopus Products with implied

10  warranties that they were fit for their intended purposes in that they contained octopus.  At the time

11  that the Octopus Products were sold, Goya knew or had reason to know that Plaintiff and Class

12  members were relying on its skill and judgment to select or furnish a product that was suitable for

13  sale.

14         41.     Plaintiff and Class members purchased the Octopus Products in reliance upon

15  Goya's implied warranties.

16         42.     The Octopus Products were not altered by Plaintiff or Class members.

17         43.     As a direct and proximate cause of Goya's breach of the implied warranty, Plaintiff

18  and Class members have been injured and harmed because:  (a) they would not have purchased the

19  Octopus Products on the same terms if they had known the true facts that the Octopus Products

20  contained squid instead of octopus; (b) they paid a price premium for the Octopus Products due to

21  Goya's promises that it contained octopus; and (c) Goya's Octopus Products did not have the

22  characteristics, ingredients, uses or benefits, as promised.

23                                    **COUNT IV**

24                                 **Unjust Enrichment**

25         44.     Plaintiff hereby incorporates by reference the allegations contained in all preceding

26  paragraphs of this complaint.

27

28

CLASS ACTION COMPLAINT                                                                    9

1    45.    Plaintiff brings this claim individually and on behalf of the proposed Class against

2  Goya.

3    46.    Plaintiff and Class members conferred benefits on Goya by purchasing the Octopus

4  Products.

5    47.    Goya has been unjustly enriched in retaining the revenues derived from Plaintiff and

6  Class members' purchases of the Octopus Products.  Retention of those moneys under these

7  circumstances is unjust and inequitable because Goya misrepresented that the Octopus Products

8  contained octopus when in fact they contained squid.  These misrepresentations caused injuries to

9  Plaintiff and Class members because they would not have purchased the Octopus Products if the

10  true facts were known.

11    48.    Because Goya's retention of the non-gratuitous benefits conferred on it by Plaintiff

12  and Class members is unjust and inequitable, Goya must pay restitution to Plaintiff and Class

13  members for its unjust enrichment, as ordered by the Court.

14  

**COUNT V**

15  

**Violation of California's Consumers Legal Remedies Act,**

16  

**California Civil Code §§ 1750,** *et seq.*

17  

**(Injunctive Relief Only)**

18    49.    Plaintiff hereby incorporates by reference the allegations contained in all preceding

19  paragraphs of this complaint.

20    50.    Plaintiff brings this claim individually and on behalf of the proposed Subclass

21  against Goya.

22    51.    California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits

23  "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses,

24  benefits, or quantities which they do not have or that a person has a sponsorship, approval, status,

25  affiliation, or connection which he or she does not have."

26    52.    California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), prohibits

27  "[a]dvertising goods or services with intent not to sell them as advertised."

28

CLASS ACTION COMPLAINT                                                         10

53.     Goya violated this provision by misrepresenting that its Octopus Products contained octopus when in fact they contained squid.

54.     Plaintiff and the Subclass suffered injuries caused by Goya because:  (a) they would not have purchased the Octopus Products on the same terms if they had known the true facts that the Octopus Products contained squid instead of octopus; (b) they paid a price premium for the Octopus Products due to Goya's promises that it contained octopus; and (c) Goya's Octopus Products did not have the characteristics, ingredients, uses or benefits, as promised.

55.     On or about May 11, 2016, a CLRA notice letter was served on Goya which complies in all respects with California Civil Code § 1782(a).  Plaintiff sent Goya a letter via certified mail, return receipt requested, advising Goya that it is in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom.  If Goya fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend his complaint to include a request for damages as permitted by Civil Code § 1782(d).

56.     Wherefore, at this time, Plaintiff only seeks injunctive relief for this violation of the CLRA.

## COUNT VI

### Violation of California's Unfair Competition Law,

### California Business & Professions Code §§ 17200, *et seq.*

57.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

58.     Plaintiff brings this claim individually and on behalf of the proposed Subclass against Goya.

59.     Goya is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

CLASS ACTION COMPLAINT

11

1      60.      Goya's  misrepresentations and other conduct, described herein, violated the

2   "unlawful" prong of the UCL by violating the CLRA as described herein; the FAL as described

3   herein; and Cal. Com. Code § 2607.

4      61.      Goya's misrepresentations and other conduct, described herein, violated the "unfair"

5   prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy,

6   and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs

7   any alleged benefits.

8      62.      Goya violated the "fraudulent" prong of the UCL by making misrepresentations

9   about the Octopus Products, as described herein.

10      63.      Plaintiff and the Subclass lost money or property as a result of Goya's UCL

11   violations because:  (a) they would not have purchased the Octopus Products on the same terms if

12   they had known the true facts that the Octopus Products contained squid instead of octopus; (b)

13   they paid a price premium for the Octopus Products due to Goya's promises that it contained

14   octopus; and (c) Goya's Octopus Products did not have the characteristics, ingredients, uses or

15   benefits, as promised.

## COUNT VII

### Violation of California's False Advertising Law,

### California Business & Professions Code §§ 17500, *et seq.*

19      64.      Plaintiff hereby incorporates by reference the allegations contained in all preceding

20   paragraphs of this complaint.

21      65.      Plaintiff brings this claim individually and on behalf of the proposed Subclass

22   against Goya.

23      66.      California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*,

24   makes it "unlawful for any person to make or disseminate or cause to be made or disseminated

25   before the public in this state, ... in any advertising device ... or in any other manner or means

26   whatever, including over the Internet, any statement, concerning ... personal property or services,

27   professional or otherwise, or performance or disposition thereof, which is untrue or misleading and

28

CLASS ACTION COMPLAINT                                                                    12

which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

67.     Goya committed acts of false advertising, as defined by §17500, by misrepresenting that its Octopus Products contained octopus when in fact they contained squid.

68.     Goya knew or should have known, through the exercise of reasonable care that its representations about the Octopus Products were untrue and misleading.

69.     Goya's actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.

70.     Plaintiff and the Subclass lost money or property as a result of Goya's FAL violations because:  (a) they would not have purchased the Octopus Products on the same terms if they had known the true facts that the Octopus Products contained squid instead of octopus; (b) they paid a price premium for the Octopus Products due to Goya's promises that it contained octopus; and (c) Goya's Octopus Products did not have the characteristics, ingredients, uses or benefits, as promised.

## COUNT VIII

### Negligent Misrepresentation

71.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

72.     Plaintiff brings this claim individually and on behalf of the proposed Class against Goya.

73.     As discussed above, Goya misrepresented that the Octopus Products contained octopus when in fact they contained squid.  Goya had a duty to disclose this information.

74.     At the time Goya made these representations, Goya knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

75.     At an absolute minimum, Goya negligently misrepresented and/or negligently omitted material facts about the Octopus Products.

1   76.    The negligent misrepresentations and omissions made by Goya, upon which

2   Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually

3   induced Plaintiff and Class members to purchase the Octopus Products.

4   77.    Plaintiff and Class members would not have purchased the Octopus Products if the

5   true facts had been known.

6   78.    The negligent actions of Goya caused damage to Plaintiff and Class members, who

7   are entitled to damages and other legal and equitable relief as a result.

8                                    **COUNT IX**

9                                     **Fraud**

10   79.    Plaintiff hereby incorporates by reference the allegations contained in all preceding

11   paragraphs of this complaint.

12   80.    Plaintiff brings this claim individually and on behalf of the proposed Class against

13   Goya.

14   81.    As discussed above, Goya provided Plaintiff and Class members with false or

15   misleading material information and failed to disclose material facts about its Octopus Products,

16   including but not limited to the fact that it contained squid when the product was represented to

17   contain octopus.  These misrepresentations and omissions were made with knowledge of their

18   falsehood.

19   82.    The misrepresentations and omissions made by Goya, upon which Plaintiff and

20   Class members reasonably and justifiably relied, were intended to induce and actually induced

21   Plaintiff and Class members to purchase the Octopus Products.

22   83.    Goya's fraudulent actions caused damage to Plaintiff and Class members, who are

23   entitled to damages and other legal and equitable relief as a result.

24                              **PRAYER FOR RELIEF**

25   WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks

26   judgment against Goya, as follows:

27

28

CLASS ACTION COMPLAINT

14

a.    For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent members of the Class and Subclass;

b.    For an order declaring that Goya's  conduct violates the statutes referenced herein;

c.    For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on all counts asserted herein;

d.    For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

e.    For prejudgment interest on all amounts awarded;

f.    For an order of restitution and all other forms of equitable monetary relief;

g.    For injunctive relief as pleaded or as the Court may deem proper; and

h.    For an order awarding Plaintiff, the Class, and the Subclass their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

Dated: May 11, 2016                **BURSOR & FISHER, P.A.**

By:   */s/ L. Timothy Fisher*
          L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

**SALPETER GITKIN, LLP**
James P. Gitkin (*pro hac vice* pending)
One East Broward Boulevard, Suite 1500
Ft. Lauderdale, FL 33301
Telephone: (954) 467-8622
Facsimile: (954) 467-8623
E-Mail: jim@salpetergitkin.com

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT

15

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Luis Diego Zapata Fonseca, declare as follows:

1.     I am a plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2.     The compliant I in this action is filed in the proper place because I purchased Goya Foods octopus products in this District and Defendant conducts a substantial amount of business in this District.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on April 15, 2016 at Salinas, California.

_Diego Zapata F._
Luis Diego Zapata Fonseca

CLASS ACTION COMPLAINT                                                                    1